# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

TERRY BERNSTEN,

        Plaintiff,

v.

RITE AID PHARMACY, a corporation Authorized to do Business in the State of Washington, et al.,

        Defendant.

Case No. C05-5097 JKA

**ORDER GRANTING SUMMARY JUDGMENT OF DISMISSAL AND SUMMARY JUDGMENT FOR DEFENDANT ON COUNTERCLAIM**

THIS MATTER comes before the court on Motion for Summary Judgment by Defendants Rite Aid and Konopka. The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

This action arises out of an incident February 2, 2004 when plaintiff Terry Bernsten was reported by Rite Aid employee Charlene Rae Konopka to have attempted shoplifting a pack of licorice and to have threatened her with a knife when she confronted him. It appears undisputed that after plaintiff left the store Konopka called the Sequim Police department, reported the incident, and described the defendant who was apprehended and arrested him nearby.

Plaintiff's claim under 28 U.S.C. 1983 and his state law claims for false arrest and false imprisonment against the City of Sequim and its officers have been dismissed. Defendant Rite Aid and its employee Konopka move for Summary Judgment of dismissal on all claims, as well as summary judgment on their counterclaim on the following bases:

1. Rite Aid and Konopka were not State Actors;

2. Defendants are immune from civil suit under RCW 4.424.510

3. Defendants are immune from civil suit under RCW 4.24.220

4. Defendants did not falsely arrest plaintiff

5. Defendants should prevail on their counterclaim for costs, attorney's fees, and damages under RCW4.24.185, RCW4.24.350, 42 U.S.C. 1988, 28 U.S.C. 1927, and the common law because they acted in good faith.

## State Actors

Defendants assert that they are not state actors. It appears undisputed that defendant Konopka was (1) employed by Rite Aid, (2) encountered plaintiff in the Rite Aid store while working therein as an employee, (3) reported her contact with plaintiff to the Sequim Police department, and (4) that the Sequim Police Department responded, questioned, arrested, and detained the plaintiff. The dispute is with regard to the accuracy of Konopka's report while acting as an employee of Rite Aid. Absent evidence of collusion or a conspiracy between Konopka and the investigating or arresting officers, she could not be said to be a "state actor" as required for recovery under 42 U.S.C. 1983. No such evidence or inference thereof has been presented to the court. Assuming, for the sake of argument, that Konopka was untruthful in reporting the incident to the Sequim Police Department, that does not make her a state actor short of evidence that the Sequim Police Officer took action against the plaintiff knowing he was relying on false information. There is absolutely no evidence of that in this case.[1]

***Accordingly plaintiff's claim against Konopka and Rite Aid should be dismissed and summary judgment in favor of defendants Konopka and Rite Aid granted regarding the Section 1983 claim.***

---

[1] Plaintiff stipulated to entry of summary judgment in favor of Sequim Police Department and its Officer defendants.

ORDER
Page - 2

### RCW 4.24.510 Immunity

Defendants Rite Aid and Konopka seek summary judgment of dismissal on plaintiff's state law claim for false imprisonment claiming absolute immunity under RCW 4.24.510. Both parties cite the court to *Dang v Ehredt*, 95 Wn.App.670 (1999). Therein the court held that under both statutory and common law, a person is not liable for merely communicating information to a law enforcement officer. The court went on to note the rule of nonliability has been codified under RCW 4.24.510 as follows:

> A person who in good faith communicates a complaint or information to any agency of federal, state, or local government regarding any matter reasonably of concern to that agency shall be immune from civil liability on claims based upon the communication to the agency. A person prevailing upon the defense provided for in this section shall be entitled to recover costs and reasonable attorneys' fees incurred in establishing the defense.

The plaintiff contends that defendant Konopka acted in bad faith, and that Rite Aid is not a "person" within the meaning of the statute.

**1**. **Bad Faith**: Plaintiff's assertion regarding "bad faith" is based primarily on Konopka's failure to delay stopping him until after he had passed the cash register, and the alleged inconsistencies in her statements regarding the position and handling of a knife by plaintiff at the time of the encounter. Viewed in a light most favorable to the plaintiff, neither of these issues rise to the level of "bad faith." By the plaintiff's own admissions his actions were suspect. Certainly an employee of a store is acting within the scope of their authority when they suspect a shoplift. The assertions regarding the inconsistent handling of the knife by plaintiff as to which hand it was in (as cited on page 6 of Plaintiff's Brief in Opposition to Motion for Summary Judgment) amount at the most to a distinction without a difference. The dispute as to whether the knife was used in such a manner as to intimidate Konopka has nothing at all to do with her right to report the alleged "shoplift." Defendant cites the court to *Gontmahker v. Bellevue*, 120 Wn.App.365, as authority for the proposition that the "good faith" requirement has been removed. This court is not persuaded that the case stands for that proposition.

**2. Is Rite Aid a "person" contemplated by R.C.W. 4.24.510?** The answer appears to be an unequivocal "yes." *Gontmahker v. Bellevue* 120 Wn.App 365.

*Accordingly the court concludes that defendants Konopka and Rite Aid have immunity under RCW 4.24.510, and defendants motion for summary judgment of dismissal should be granted as to plaintiff's state law claims. Additionally defendants motion for summary judgment on their cross claim is granted.*

### 3. Are defendants immune from liability for "detaining" plaintiff under R.C.W. 4.24.220?

Defendants seek summary judgment dismissing plaintiff's claims pursuant to R.C.W. 4.24.220, which provides that in circumstances such as give rise to this litigation as follows:

"it shall be a defense . . . that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning by . . . the . . . . authorized employee . . . . And that [he/she] had reasonable grounds to believe that the person so detained was committing or attempting to commit larceny or shoplifting on such premises of such merchandise. . . . "reasonable grounds" shall include, but not be limited to, knowledge that a person has concealed possession of unpurchased merchandise . . . "reasonable time" shall mean the time necessary to permit the person detained to make a statement or to refuse to make a statement . . . . ."

There is no objective evidence that Konopka attempted to detain the plaintiff. She was wearing a Rite Aid smock which would be evidence of her employment at Rite Aid, but would not suggest any law enforcement authority. There is no evidence of restraint, or denial of plaintiffs right to walk away from the questioning or the scene. While plaintiff's subjective understanding may be relevant in certain circumstances, there must be some evidence of conditions which would support his thinking that he was not free to leave. There is no such evidence from which a reasonable person could conclude the plaintiff was detained. To the extent there was conversation between the plaintiff and the defendant it was based on "reasonable grounds" and was for a "reasonable time" as allowed by R.C.W. 4.24.220.

*Accordingly, defendants' motion for summary judgment of dismissal of all claims arising out of the unlawful detention of plaintiff is granted pursuant to R.C.W. 4.24.220.*

**4. Was plaintiff falsely arrested?** The arresting defendants, Sequim Police Officers, have been dismissed from this litigation. There is no evidence whatsoever that Rite Aid or Konopka "arrested" the plaintiff. There is no evidence of "apparent authority" on Konopka's part to arrest or detain. A Rite Aid

smock and a threat to call the police does not create the appearance of the employee's right to detain. In fact, it inferred just the opposite – that she was without authority and would need the police for that

purpose.

***Accordingly, summary judgment of dismissal should be granted on plaintiff's claims against Konopka and Rite Aid for false arrest.***

                                               **Dated this 12th day of August 2005**

                                               */s/ J. Kelley Arnold*

                                               **U.S. Magistrate Judge, J. Kelley Arnold**