**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| TERRY BERNTSEN,<br><br>                Plaintiff,<br><br>    v.<br><br>RITE AID, et al.,<br><br>                Defendants. | **Case No.** C05-5097 JKA<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR COSTS AND<br>ATTORNEY'S FEES |

THIS MATTER comes before the court on motion by defendants Rite Aid Pharmacy and Charlene Konopka for an award of attorneys' fees and costs. The court has considered all materials filed in support of and in response to said motion as well as the files and records herein.

This motion follows orders by this court granting defense motions for summary judgment dismissing plaintiff's claims and granting defendant's counterclaim. Defendants Rite Aid and Konopka are entitled to costs and attorneys' fees under FRCP 54 and RCW 4.24.510. Both parties submit that any fees awarded must be "reasonable."

## **DISCUSSION**

Defendants seek costs in the sum of $699.96, which do not appear to be disputed. Defendants seek attorneys' fees in the sum of $31,218.00 computed at hourly rates of $350 for a senior attorney with

ORDER
Page - 1

more than 30 years experience (46.6 hours); $280 for an attorney with 13 years experience (3.6 hours); $170 for a lawyer with 5 years experience (70.30 hours); and $125 and $120 for para legals (15.6 hours). Both the state and federal courts have adopted a lodestar formula pursuant to which the court determines the reasonableness of the hours claimed and computes the award based on a reasonable hourly rate. The courts have also set forth a number of nonexclusive considerations to be utilized in determining reasonableness. *Mahler v. Szucs*, 135 Wn.2d 141 (1998); *Scott Fetzer Co. v. Weeks* 122 Wn.2d 141(1993); *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714 (56h Cir. 1974). Those criteria as they apply to the case at bar are hereafter set forth.

  1. **The time and labor required**. This was not a complicated case from either a factual or legal standpoint. The case was filed February 4, 2005, and the final order denying plaintiff's request for reconsideration on the court's entry of summary judgment in favor of defendants was entered September 7, 2005. Only two depositions were taken and a total of 25 interrogatories were propounded. The case was resolved by way of motion practice. The parties complied unsuccessfully with the courts request to mediate.

  2. **The novelty and difficulty of the questions.** All parties acknowledged in their Joint Status Report and Discovery Plan (Docket 18) that the case was not "complex." Plaintiff sought relief under Section 1983 and state law claims for false arrest and false imprisonment. Defendant's counterclaimed for relief as the "prevailing" party under R.C.W. 4.24.510. Neither the claims nor counterclaim raise particularly difficult or novel question of law.

  3. **The requisite skill to perform the legal services properly.** Certainly a reasonable level of skill was required to properly defend against plaintiff's claims, and that skill was aptly displayed in this litigation. It did not necessarily demand, however, the combined skill of three lawyers nor did it require one-third of the work to be done by a lawyer with 30 plus years of experience when able practitioners with lower billing rates were obviously readily available.

**4. The preclusion of other employment by the attorney due to the acceptance of the case.** There is no claim that defense counsel sacrificed any other employment due to the demands of this case. If tried, the case was scheduled for four days.

**5. The customary fee/reasonableness of hourly rates.** This court has heard fee disputes in both state and federal court in this jurisdiction for 24 years, and to some extent can take judicial notice of fees charged in the local legal marketplace. The court has considered the plaintiff's responsive brief as well as the supporting declarations of Jeffory E. Adams and H. William Bamman. The court has further considered defendants' motion and the supporting declaration of Ian M. Messerle**.** The court is aware that reasonable attorneys' fees (hourly rates) vary from community to community within the Western District of Washington, and does not suggest that any particular attorney's hourly rate is out of cinque with his or her "local" legal marketplace. The court, however, cannot ignore issues of availability and necessity in reaching a conclusion as to "reasonableness."

**6. Whether the fee is fixed or contingent**. The fee agreement provides for the payment of services on an hourly basis. The court has no way of knowing if there was any agreement as to the hourly rate, and if so what the agreed hourly rate was.

**7**. **Time limitation imposed by the client or the circumstances.** The court has no information regarding any client imposed limitations with regard to discovery or time.

**8. The amount of time involved and the results obtained.** The result obtained by defense counsel on behalf of their clients was the best that any client could hope for – complete exoneration from liability and an award of their costs and attorney's fees. The utilization of multiple lawyers and para legals on a matter which appears to be relatively straightforward and uncomplicated factually, the sparse amount of discovery required, and the lack of legal complexity all suggest that the hours expended were excessive.

**9**. **The experience, reputation, and ability of counsel**. Defense counsel are well known and well respected for their experience and ability in the legal community.

**10. The nature and length of the professional relationship with the clients**.  The court has no specific information regarding this issue.

## CONCLUSION

Considering all of the factors above set forth the court concludes as follows:

(1) the attorney hours charged (120.50) should be reduced by 1/3 to 80.33;

    the average hourly attorney rate should be adjusted to $200 for a

    total attorneys' fee award of     $16,066.00

(2) the paralegal hours charged (15.60) should be reduced by 1/3 to 10.40;

    the average hourly paralegal rate should be adjusted to $75 for a

    total paralegal fee award of     770.00

(3) costs should be awarded in the sum of     699.96

## ORDER

**Accordingly, defendants are hereby awarded costs and attorney's fees in the total sum of**

**$17,535.96**

September 16, 2005

    ***/s/ J. Kelley Arnold***
J. Kelley Arnold, U.S. Magistrate Judge

ORDER
Page - 4